IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|                              |   |                  |
|------------------------------|---|------------------|
| CASSANDRA DENICE JOHNSON,    | § |                  |
|          Plaintiff,          | § |                  |
| vs.                          | § | No. 13-2363-JDT-dkv |
| BARAK OBAMA,                 | § |                  |
|          Defendant.          | § |                  |

REPORT AND RECOMMENDATION FOR SUA SPONTE DISMISSAL

On May 29, 2013, the plaintiff, Cassandra Denice Johnson, a resident of Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion seeking leave to proceed *in forma pauperis*. (Docket Entries ("D.E.") 1 & 2.) In an order issued on May 30, 3013, the court granted leave to proceed *in forma pauperis*. (D.E. 3.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, April 29, 2013.) For the reasons that follow, it is recommended that this case be dismissed for lack of subject-matter jurisdiction and for failure to state a claim.

I. PROPOSED FINDINGS OF FACT

In her complaint, Johnson states "There has been an invasion of the 'Privacy Act Article' XVII along with the 'United States

Constitution' as far as protecting U.S. citizen's personal, home, spiritual, and business life." (Compl., D.E. 1, § IV.) Named as defendant is Barak Obama, President of the United States. The complaint states, "The invasion was not designed by President Barak Obama, but, he unfortunately offended me during the invasion." (*Id.*) Johnson seeks "to be awarded for pain and suffering throughout the time period of the PRIVACY ACT INVASION/U.S. CONSTITUTION INVASION," which she alleges started in 2012 and continued through May 2013, in the amount of $800,000,000. (Compl., D.E. 1, § V.)

Attached to the complaint as Exhibit 1, is a form identified as "No. 1-8-1 Complaint Form in the State of Tennessee Court for Shelby County, Tennessee," in which Johnson provides details of the Privacy Act Invasion alleged in her complaint. (Compl., D.E. 1-1.)

Count I states:

> I, Cassandra Johnson hereby testify before the court today that the Defendant, Barak Obama, did not contribute fully to my Privacy Act. There existed something in the system which I call a "Communication Band" whereas people are able to talk to each other, look in on other U.S. Citizens, invading the Privacy Act and the Constitution. This secret device has caused me hardship since 2012. Once I found out about the invasion of the Privacy Act and Constitution, I reported it to the authorities along with Mr. Morgan Freeman and Ms. Lisa Benet in Summer of 2012 which included the U.N. and Congress, I personally wrote the U.S. Senate in December 2012 informing them of some events that occurred in the "Communication Band". Throughout this time period, I have been interrogated on a daily basis having to fight, argue, and figure out a protective procedure for myself. I spoke with President Barak Obama, and First Lady Michele Obama through this "new" means of communication, but did not receive instruction, reassurance, nor aid which they promised me on several occasions. Therefore, I submitted a law suit back in November 2012 notifying my displeasure of the

misfortune. I received no feedback through mail. I was obligated to attend a court hearing January 22, 2013. Unfortunately, Barak Obama did not appear in court that day, but the Judge on the case made mention that it was a "FEDERAL OFFENSE" to invade the Privacy Act and Constitution. This is my second attempt to receive payment for the invasions and the hardships I have experienced from 2012.

(Compl., D.E. 1-1, at 2.)

In Count II, she alleges:

1. I, CASSANDRA JOHNSON, hereby testify that the defendant, Barak Obama, invaded the Constitution and The Privacy Act on at least three different occasions. The first instance occurred Friday, December 2012 in the bands which I call "The Communication Band". He overstepped his boundary with me when he suggested to me to be a "Fuck Bitch." The phrase was very disrespectful to me an I did not appreciate him urging me to do something to follow suit with whatever he felt was a fad or a new way of life.

2. The second occasion occurred while I was at home and Barak Obama was playing around in the "Communication Bands", flashing himself, or showing the people his private parts when he thrust a penis scab which is what he called it on mine and a few others' heads.

3. On the third occasion, Sunday, May 26, 2013 I was Barak Obama invaded my Privacy Act by coming into my band peering at my whereabouts stating "that he was going to put something on my mind." I felt a tunnel-like imprint on my band in the shape of a penis. I was not the only one who witnessed this violation of the law. Former President Bill Clinton witnessed seeing him also. He made it clear later on in the band Monday evening May 27, 2013 that he was referring to sex of some sort that I did not agree on.

(Compl., D.E. 1-1, at 3-4.)

In Count III, Johnson again states her demand for judgment in the amount of $800,000,000 for the "constant trouble involved in the 'Communication Band' from 2012-2013 to pay by means of the United States Treasury." (Compl., D.E. 1-1, at 5). She further

3

states that she "did not receive instruction nor reassurance from television, a letter, nor a Public Address Announcement as far as how to deal with the 'Communication Band.'" (*Id.*)

## II. PROPOSED CONCLUSIONS OF LAW

A. <u>28 U.S.C. § 1915(e)(2) Screening</u>

Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2). The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues. This report and recommendation will constitute the court's screening.

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action

> (i)   is frivolous or malicious;
>
> (ii)  fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

B. <u>Standard of Review for Failure to State a Claim</u>

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded

allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting *Iqbal*, 556 U.S. at 681)(alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."). "A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for

5

>     frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct.
>     1827.

*Id.* at 471.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 Fed. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 Fed. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 Fed. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that

responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C. <u>Claims Under 42 U.S.C. § 1983</u> (Compl., D.E. 1)

Using a court-supplied complaint form, Johnson alleges violation of her civil rights under 42 U.S.C. § 1983. Johnson, however, has not alleged underlying factual allegations sufficient to state a claim for violation of § 1983.

In order "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1244 (6th Cir. 1989)(quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). The only defendant named by Johnson is Barak Obama, an individual. Johnson cannot sue Barack Obama under § 1983 because he does not act under color of state law. "A § 1983 plaintiff may not sue purely private parties." *Brotherton v. Cleveland*, 173 F.3d 552, 567 (6th Cir. 1999). Thus, "[i]n order to be subject to suit under § 1983, [a] defendant's actions must be fairly attributable to the state." *Collyer v. Darling*, 98 F.3d 211, 231-32 (6th Cir. 1997). The complaint does not allege that the actions of Obama can be attributed to the state. Accordingly, it is recommended that any claim under 42 U.S.C. § 1983 be dismissed for failure to state a claim.

In addition, Johnson's claims are factually frivolous. Her claims that she has identified a "Communication Band", that the

President, First Lady and others have communicated with her through the band, that the President has flashed himself and "put something on her mind," and that former President Bill Clinton is a witness to this are "clearly baseless," "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33. Johnson's claims are clearly baseless and delusional and thus factually frivolous, *Huey v. Raymond*, 53 F. App'x 329, 330-31 (6th Cir. 2002), and lack an arguable basis in law and fact.

III. RECOMMENDATION

For the foregoing reasons, it is recommended that the complaint be dismissed *sua sponte* for failure to state a claim pursuant to Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(ii) on which relief may be granted, and as frivolous, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), and judgment be entered for the defendant.

Respectfully submitted this 31st day of May, 2013.

s/Diane K. Vescovo
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. FED. R. CIV. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.